IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | Cr. No. 3:09-207-CMC |
| v. | |
| Desmond Lamont Stowers, | Opinion and Order |
| Defendant. | |

This matter is before the court pursuant to Defendant's *pro se* motion for appointment of counsel regarding his claim of qualification "for reduction of sentence under Amendment 782." ECF No. 449. Defendant has previously filed a motion for reduction of sentence under Amendment 782, which the court denied. *See* ECF Nos. 350 (motion); 359 (Order).

Pursuant to *United States v. Goodwyn*, 596 F.3d 233, 236 (4th Cir. 2010), "the clear intent of § 3582 is to *constrain* postjudgment sentence modifications . . . ." Section § 3582(c) "gives a district court one—and only one—opportunity to apply the retroactive amendments and modify the sentence." *United States v. Mann*, 435 F. App'x 254, 254 (2011) (citing *Goodwyn*, 596 F.3d at 236); *see also United States v. Redd*, 630 F.3d 649, 651 (7th Cir. 2011). "[T]he rule is the same for both purely successive § 3582(c)(2) motions and § 3582(c)(2)-based motions for reconsideration: A defendant cannot obtain relief on the basis of such motions, but this prohibition is non-jurisdictional and thus subject to waiver." *United States v. May*, 855 F.3d 271, 275 (4th Cir. 2017).

Regardless of the prohibition on successive motions, a motion for relief under Amendment 782 would fail because Defendant is not entitled to a reduction pursuant to Amendment 782. Defendant was sentenced to 240 months, the statutory mandatory minimum. Therefore, as

Defendant received the statutory mandatory minimum, Amendment 782 cannot work to lower his sentence. See ECF No. 356, SRR. Defendant's motion for appointment of counsel is denied.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
September 9, 2019